UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLARA NOEL, on behalf of T.T. | CIVIL ACTION |
| VERSUS | NO. 20-1540 |
| ANDREW SAUL, ACTING COMMISSIONER OF SOCIAL SECURITY | SECTION M (2) |

## ORDER

After considering plaintiff's motion for summary judgment,[1] the government's opposition,[2] the complaint,[3] the administrative record,[4] the applicable law, the magistrate judge's Report and Recommendation ("R&R"),[5] and the plaintiff's objections to the R&R,[6] the Court hereby overrules the plaintiff's objections, approves the R&R, and adopts the R&R as its opinion in this matter.

Plaintiff objects that the magistrate judge recommended affirming the administrative law judge ("ALJ") even though the magistrate judge noted that the ALJ did not identify the listed impairment relevant to T.T., namely, Listing 112.06,[7] and the ALJ failed to find that T.T.'s impairments did not meet or equal Listing 112.06.[8] The magistrate judge explained that the ALJ's omission was harmless error because the ALJ cited Listing 12.06, the adult equivalent to Listing

---

[1] R. Doc. 20.
[2] R. Doc. 22.
[3] R. Doc. 1.
[4] R. Doc. 18.
[5] R. Doc. 23.
[6] R. Doc. 24.
[7] *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.06 ("Listing 112.06"). This listing delineates the impairments and limitations characterizing a particular mental disorder for children: anxiety and obsessive-compulsive disorders.
[8] R. Doc. 24-2.

112.06, and assessed the severity of T.T.'s limitations under that standard.[9] The magistrate judge then reviewed the evidence and explained why T.T.'s impairments do not meet or equal Listing 112.06.[10] This Court agrees with the magistrate judge's analysis, especially since the record shows that all the evidence plaintiff cites to this Court was before, and considered by, the ALJ and magistrate judge. Hence, the plaintiff's objection is overruled.

Plaintiff also objects that the magistrate judge did not address her functional equivalency argument.[11] This objection, too, is overruled because, contrary to plaintiff's assertion, the magistrate judge did expressly discuss functional equivalence and explained that plaintiff's summary of the medical records did not show how T.T. meets or medically equals the criteria of Listing 112.06 and "that substantial evidence support's the ALJ's conclusion that T.T. does not meet, medically equal or *functionally equal* the severity limitations as required by Listing 112.06."[12]

Accordingly, for the foregoing reasons and those set forth in the R&R,

**IT IS ORDERED** that plaintiff's motion for summary judgment (R. Doc. 20) is **DENIED,** the ALJ's decision denying disability benefits is affirmed, and the case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 4th day of October, 2021.

                                              BARRY W. ASHE
                                              UNITED STATES DISTRICT JUDGE

---

[9] R. Doc. 23 at 10.
[10] *Id.* at 11-17.
[11] R. Doc. 24-2.
[12] R. Doc. 23 at 17 (emphasis added).